**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: March 4, 2020
Date Decided: June 2, 2020

Joanna J. Cline, Esq.
Christopher B. Chuff, Esq.
Ellis E. Herington, Esq.
PEPPER HAMILTON LLP
1313 N. Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE 19899

David J. Teklits, Esq.
Alexandra M. Cumings, Esq.
MORRIS, NICHOLS, ARSHT &
TUNNELL LLP
1201 N. Market Street, 16th Floor
Wilmington, DE 19801

RE: *Claros Diagnostics, Inc. Shareholders Representative Committee et al. v. OPKO Health, Inc.*, C.A. No. 2019-0262-SG

Dear Counsel:

This matter is before me on the Motion of the Plaintiff Claros Diagnostics, Inc. Shareholder Representative Committee (the "Committee") for Reargument of a portion of my Memorandum Opinion of February 19. 2020 (the "Decision").[1] The Decision, *inter alia*, denied the Plaintiff's Motion to Strike an affirmative defense of unclean hands. One productive use of a motion for reargument is to "forestall a final opinion in which the judge . . . has inadvertently failed to respond to an argument of

---

[1] *See Claros Diagnostics, Inc. S'holders Representative Comm. v. OPKO Health, Inc.*, 2020 WL 829361 (Del. Ch. Feb. 19, 2020).

counsel."[2]  In the Decision, I found the allegation of unclean hands was best decided on a record, and denied the Motion to Strike on that basis.[3]  The Committee correctly points out that I did not explicitly rule on a part of its argument in favor of the Motion to Strike; that, as a party discrete from those alleged to have acted with unclean hands, it cannot be subject to an unclean hands defense.  I regret not being more explicit, an omission that has led to this reasonable motion practice by the Committee and the effort from both sides associated with it.  Nonetheless, the Motion for Reargument is denied.

Among the issues to be addressed in way of the unclean hands defense upon a developed record is whether the wrongdoing alleged in the unclean hands defense against Claros and its agents is so intertwined with the creation of the Committee, and the rights the Committee seeks to enforce here, that equity would be sullied by granting that relief.[4]

For the foregoing reason, the Motion for Reargument of my denial of the Motion to Strike the unclean hands defense is DENIED.

It is SO ORDERED.

---

[2] *Manti Holdings, LLC v. Authentix Acquisition Co., Inc.*, 2019 WL 3814453, at *1 (Del. Ch. Aug. 14, 2019).

[3] *Claros*, 2020 WL 829361, at *12–*13.

[4] *See McKenna v. Singer*, 2017 WL 3500241, at *14 (Del. Ch. July 31, 2017) (*citing In re Rural/Metro Corp. S'holders Litig.*, 102 A.3d 205, 238–39 (Del. Ch. 2014)) ("The Court of Chancery has held that fraudulent misrepresentations can constitute inequitable conduct for unclean hands purposes when the misrepresentations have an 'immediate and necessary' connection to the claims asserted.").

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III